# Exhibit A

02D01-2105-CT-000289  Filed: 5/26/2021 11:17 A
Allen Superior Court 1  Allen County, India

| STATE OF INDIANA | ) | | IN THE ALLEN SUPERIOR COURT |
| --- | --- | --- | --- |
| | ) | SS: | |
| COUNTY OF ALLEN | ) | | CAUSE NO._____ |

| BREASIA JAMES, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CARAVAN FACILITIES | ) |
| MANAGEMENT, LLC and | ) |
| FORGE INDUSTRIAL | ) |
| STAFFING, INC.; | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, by counsel, and alleges against the Defendants as follows:

1. The Plaintiff is Breasia James, a female resident of Fort Wayne Indiana at all material times to this Complaint.

2. Defendant Caravan Facilities Management, LLC ("Caravan"), is a company doing business in Allen County, State of Indiana. At all material times to this Complaint, the defendant Caravan dually employed the Complainant with Forge Staffing, and was an "employer" for the purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) ("Title VII").

3. Also named as a defendant is Forge Industrial Staffing, Inc., ("Forge"), a company doing business at 1010 W. Coliseum Boulevard A, Fort Wayne, IN 46808. At all material times to this Complaint, Forge co-employed the Plaintiff with Caravan, and like Caravan, was an employer for the purposes of Title VII.

4. The Plaintiff filed Charges of Discrimination, EEOC #470-2021-00410 and EEOC# 470-2021-00411, copies of which are attached hereto, made a part hereof, and incorporated herein as Exhibit "A" and Exhibit "B". The EEOC issued a Dismissal and Notice of Rights/ Notice of Suit Rights in EEOC # 470-2021-00410 on February 25, 2021, and a Dismissal and Notice of Rights/ Notice of Suit Rights In EEOC # 470-2021-00411 on March 1, 2021, attached hereto and made a part hereof as Exhibit "C" and Exhibit "D". All required administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

5. Forge Staffing is a temporary job service that placed the Plaintiff at Caravan to perform work as a janitorial/sanitation employee. The Plaintiff worked for Caravan from on about May 14, 2020 until her wrongful termination on about July 13, 2020. She performed within the reasonable expectations of both employers at all material times to this Complaint.

6. On about June 1, 2020, the Plaintiff's male supervisor at Caravan subjected the Plaintiff to repeated inappropriate, sexually offensive comments and requests. When he learned that she had tattoos that she kept covered when working, he repeatedly insisted that she let him see them. The same supervisor also repeatedly pestered the Plaintiff with requests that she let him look at her personal cell phone, and said he wanted to have it so he could "look for pictures on it". He eventually grabbed the cell phone from the Plaintiff, and told her he wanted specifically to "look for naked pictures" of the Plaintiff.

7. This supervisor also propositioned the Plaintiff, asking her if a friend of hers "liked guys", and if so her, then the supervisor, the Plaintiff and her female friend could go to the supervisor's house for drinks and they could "have some fun".

8. On June 2, 2020, Plaintiff reported the male supervisor's offensive and harassing behavior, to the Plaintiff's contact at Forge. The representative at Forge told the Plaintiff that they would talk to Caravan about the Plaintiff's complaint.

9. The Plaintiff also reported the harassment to a representative of Caravan.

10. The Plaintiff was moved to third shift on June 21, 2020, the Plaintiff was moved to third shift. This adversely changed the conditions and/or benefits of her employment with the two defendants, because third shift involved the Plaintiff having to work less-desirable hours than what she was working before she made her harassment complaints to the defendants.

11. On July 13, 2020, Plaintiff was terminated from her job at Caravan and Forge for an alleged no-call/no show incident. She contends the alleged non-call/no show incident did not occur, and Defendants' proffered reason for the termination was false and pretextual.

12. Forge furthermore failed to provide the Plaintiff with any more work after July 13, 2020.

13. Plaintiff contends that the Defendants, and each of them, discriminated against, harassed, and/or retaliated against her on the basis of her sex (female) and for protesting sexual harassment, in violation of the Plaintiff's federally protected rights under Title VII.

14. Complained of unlawful conduct of the Defendants, and each of them, was the direct and proximate cause of Plaintiff suffering the loss of her job and job-related benefits including income, and also subjected the her to inconvenience, mental anguish, emotional distress, and other damages and injuries.

15. Defendants' conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Complaint's rights under Title VII. Therefore, Plaintiff is entitled to punitive damages against each of the Defendants.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants, and each of them, for compensatory damages, punitive damages, reasonable attorney fees and costs, and all other just and proper relief in the premises.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: cmyers@myers-law.com
Counsel for Plaintiff

```
03:22:31 p.m. 11-04-2020    4
NOV/04/2020/WED 05:00 PM        Allen Superior Court 1        02D01-2105-CT-000289        EEOC
                                FAX No.                                                   Indianapolis District Office
                                                                                          RECEIVED 11/04/20
                                                                                          470-2021-00410
```

Filed: 5/26/2021 11:17 /
Allen County, Indiana

EEOC Form 6 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:
☐ FEPA
☒ EEOC

Agency(ies) Charge No(s):

**Equal Employment Opportunity Commission** and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Breasia James | 260-600-3084 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 930 Oaklawn Court, Fort Wayne, Indiana 46803 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Forge Industrial Staffing, Inc. | 25+ | 260-471-5900 |

1010 W. Coliseum Boulevard A, Fort Wayne, IN 46808

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (specify)

PREGNANCY

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 6/1/20    Latest: 6/13/20

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. Complainant is Breasia James, a female resident of Fort Wayne Indiana. She contends that the Respondents and each of them discriminated against, harassed and/or retaliated against her on the basis of her sex (female), in violation of Complainant's federally protected rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) ("Title VII).

II. The Respondent is Forge Industrial Staffing, Inc. ("Forge"), a company doing business in Allen County, State of Indiana. At all material times to this Charge, the Respondent dually employed the Complainant (along with Caravan Facilities Management, LLC), and was an "employer" for the purposes of Title VII.

III. Forge Staffing is a temporary job service that placed the Complainant at Caravan Facilities Management, LLC to perform work as a janitorial/sanitation employee. The Complainant worked for Forge from on about May 14, 2020 until her wrongful termination on about July 13, 2020. Complainant performed within the reasonable expectations of both employers at all material times.

Continued on Page 2

Ex. A

03:22:31 p.m. 11-04-2020  9
NOV/04/2020/WED 05:00 PM   FAX No.   EEOC Indianapolis District Office
RECEIVED 11/04/20
470-2021-00410

IV. On about June 1, 2020, Complainant's supervisor Jay _____ (last name unknown) at Caravan subjected the Complainant to repeated inappropriate, sexually offensive comments and requests. When he learned the Complainant had tattoos that she kept covered when working, Jay repeatedly insisted that she let him see them. He also repeatedly pestered the Complaint with requests that she let him look at her personal cell phone, and said he wanted to have it so he could "look for pictures on it. Jay eventually grabbed the cell phone from the Complainant, and told her he wanted to "look for naked pictures" of the Complainant. Jay also propositioned the Complainant, asking her if a friend of her liked guys, and if so her, the girlfriend, and Jay could go to Jay's house for drinks and they could "have some fun".

V. On June 2, 2020 the Complainant reported Jay's offensive and harassing behavior to her contact at Forge. The representative at Forge told the Complainant they would talk to Caravan about the Complainant's complaint.

VI. The Complaint also reported the harassment to a representative of Caravan.

VII. On June 21, 2020, the Complainant was moved to third shift, which provided her less desirable hours to work than she had before her complaint of harassment.

VIII. On July 13, 2020 the Complainant was terminated from her job at Forge Staffing for an alleged no-call/no show incident. Complaint contends the alleged non-call/no show incident did not occur, and the proffered reason for termination was false and pretextual.

IX. Since the termination, Forge has failed to provide the Complainant with any more work, and she hasn't been placed by Forge with any new companies; no reason was given.

X. Complainant contends that the Respondent discriminated against, harassed, and retaliated against her on the basis of her sex (female) and for protesting sexual harassment, in violation of her federally protected rights under Title VII. The Respondent's unlawful and discriminatory conduct was the direct and proximate cause of the Complainant suffering the loss of her job and job-related benefits including income, and also subjected the Complainant to inconvenience, mental anguish, emotional distress, and other damages and injuries. She is entitled to seek compensatory damages and reasonable attorney fees and costs against the Respondent.

XI. The complained of conduct of the Respondent was intentional, knowing, willful, wanton, and in reckless disregard of the Complaint's rights under Title VII. Complainant is entitled to seek punitive damages.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

11/3/2020   [signature]
Date   Charge Party Signature

NOTARY - When necessary for State and Local Agency Requirements

Janelle D Guin

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS __ (month, day, year)

Janelle D Guin
Notary Public Seal State of Indiana
Allen County
Commission Number NP0723363
My Commission Expires 10/31/2027

03:22:31 p.m. 11-04-2020    8
NOV/04/2020/WED 05:01 PM          FAX No.                    P. 008

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA  [X] EEOC | EEOC Indianapolis District Office RECEIVED 11/04/20 470-2021-00411 and EEOC |

Equal Employment Opportunity Commission
_State or local Agency, if any_

**Name** (indicate Mr., Ms., Mrs.): Breasia James
**Home Phone** (Incl. Area Code): 260-600-3084
**Date of Birth**:

**Street Address / City, State and ZIP Code**: 930 Oaklawn Court, Fort Wayne, Indiana 46803

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: Caravan Facilities Management, LLC
**No. Employees, Members**: 16+
**Phone No.**: 855-211-7450

12200 Lafayette Center Road, Roanoke, IN 46783

**DISCRIMINATION BASED ON**: [X] SEX (PREGNANCY), [X] RETALIATION
**DATE(S) DISCRIMINATION TOOK PLACE**: Earliest 6/1/20, Latest 6/13/20
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. Complainant is Breasia James, a female resident of Fort Wayne Indiana. She contends that the Respondents and each of them discriminated against, harassed and/or retaliated against her on the basis of her sex (female), in violation of Complainant's federally protected rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) ("Title VII").

II. The Respondent is Caravan Facilities Management, LLC ("Caravan"), a company doing business in Allen County, State of Indiana. At all material times to this Charge, the Respondent dually employed the Complainant (along with Forge Staffing), and was an "employer" for the purposes of Title VII.

III. Forge Staffing is a temporary job service that placed the Complainant at Caravan Facilities Management, LLC to perform work as a janitorial/sanitation employee. The Complainant worked for Caravan from on about May 14, 2020 until her wrongful termination on about July 13, 2020. Complainant performed within the reasonable expectations of both employers at all material times.

Continued on Page 2

Ex. B

EEOC
Indianapolis District Office
RECEIVED 11/04/20
470-2021-00411

IV. On about June 1, 2020, Complainant's supervisor Jay _____ (last name unknown) at Caravan subjected the Complainant to repeated inappropriate, sexually offensive comments and requests. When he learned the Complainant had tattoos that she kept covered when working, Jay repeatedly insisted that she let him see them. He also repeatedly pestered the Complaint with requests that she let him look at her personal cell phone, and said he wanted to have it so he could "look for pictures on it. Jay eventually grabbed the cell phone from the Complainant, and told her he wanted to "look for naked pictures" of the Complainant. Jay also propositioned the Complainant, asking her if a friend of her liked guys, and if so her, the girlfriend, and Jay could go to Jay's house for drinks and they could "have some fun".

V. On June 2, 2020 the Complainant reported Jay's offensive and harassing behavior to her contact at Forge. The representative at Forge told the Complainant they would talk to Caravan about the Complainant's complaint.

VI. The Complaint also reported the harassment to a representative of Caravan.

VII. On June 21, 2020, the Complainant was moved to third shift, which provided her less desirable hours to work than she had before her complaint of harassment.

VIII. On July 13, 2020 the Complainant was terminated from her job at Caravan, for an alleged no-call/no show incident. Complaint contends the alleged non-call/no show incident did not occur, and the proffered reason for termination was false and pretextual.

IX. Since the termination from Caravan, Forge has failed to provide the Complainant with any more work, and she hasn't been placed by Forge with any new companies; no reason was given.

X. Complainant contends that the Respondent discriminated against, harassed, and retaliated against her on the basis of her sex (female) and for protesting sexual harassment, in violation of her federally protected rights under Title VII. The Respondent's unlawful and discriminatory conduct was the direct and proximate cause of the Complainant suffering the loss of her job and job-related benefits including income, and also subjected the Complainant to inconvenience, mental anguish, emotional distress, and other damages and injuries. She is entitled to seek compensatory damages and reasonable attorney fees and costs against the Respondent.

XI. The complained of conduct of the Respondent was intentional, knowing, willful, wanton, and in reckless disregard of the Complaint's rights under Title VII. Complainant is entitled to seek punitive damages.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

11/3/2020
Date

Charge Party Signature

NOTARY – When necessary for State and Local Agency Requirements

Janelle D. Guin

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

Janelle D Guin
Notary Public Seal State of Indiana
Allen County
Commission Number NP0729383
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)  My Commission Expires 10/31/2027

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Breasia James
930 Oaklawn Ct.
Fort Wayne, IN 46803

From: Indianapolis District Office
101 West Ohio Street
Suite 1900
Indianapolis, IN 46204

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2021-00410 | Michelle D. Ware, Enforcement Supervisor | (463) 999-1184 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Michelle Eisele,
District Director

FEB 2 5 2021
(Date Issued)

Enclosures(s)

cc: William Dugan
BAKER MCKENZIE
300 E. Randolph
Suite 5000
Chicago, IL 60601

Christopher C. Myers
CHRISTOPHER C. MYERS & ASSOCIATES
809 S. Calhoun St.
Suite 400
Fort Wayne, IN 46802

Ex. C

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

### DISMISSAL AND NOTICE OF RIGHTS

To: Breasia James
930 Oaklawn Court
Fort Wayne, IN 46803

From: Indianapolis District Office
101 West Ohio Street
Suite 1900
Indianapolis, IN 46204

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2021-00411 | Michelle D. Ware, Enforcement Supervisor | (463) 999-1184 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Michelle Eisele,
District Director

MAR 0 1 2021
*(Date Issued)*

Enclosures(s)

cc: Kristy Kopaczewski
LAW OFFICES OF THE HANOVER INSURANCE GROUP
9229 Delegates Row, Ste 100
Indianapolis, IN 46240

Christopher C. Myers
CHRISTOPHER C. MYERS & ASSOCIATES
809 S. Calhoun Street
Suite 400
Fort Wayne, IN 46802

Ex. D